CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RIko
OCT 28 2011
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT BROWN, | ) | Civil Action No. 7:11-cv-00505 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EARL W. BARKSDALE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Vincent Brown, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Earl W. Barksdale, Warden of the Dillwyn Correctional Center ("Dillwyn"), and D. W. Call, Major of Security at Dillwyn. Plaintiff alleges that his access to courts was unconstitutionally denied. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

On September 21, 2011, plaintiff received a letter informing him that he was being sued in the Pittsylvania County Circuit Court as of September 16, 2011. The letter informed him that he had twenty-one days to respond to the suit by filing a written pleading in proper legal form. The letter advised him that a failure to respond may result in the court entering a judgment against him.

Plaintiff requested permission from Captain Mosely, Captain Sneddy, TPS Jones "and others" to access the Dillwyn law library, but staff denied his request. Staff told him that he could not go to the law library because he was housed in the block with parole violators although he is not incarcerated for a parole violation. However, plaintiff is permitted to access other

Dillwyn facilities like most other inmates in general population. Plaintiff concludes that "the denial and restriction to access the courts through the failure of the institution to allow [him] proper access to do research[] and to prepare a competent pleading and response violated [his] Constitutional rights...." (Compl. 4.) Plaintiff requests $100,000.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an

assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to relate Barksdale or Call to his alleged facts. Plaintiff does not allege that Barksdale or Call denied him access to the facility library, and plaintiff cannot proceed against them via respondeat superior for their subordinates' alleged actions. Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Moreover, plaintiff fails to describe any prejudice from the alleged denial of access to courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996) (describing prejudice from denial of access to courts). Accordingly, plaintiff presently fails to state a claim against the defendants, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claims in a new and separate action at the time of his choice.

3

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 28th day of October, 2011.

Jackson L. Kiser
Senior United States District Judge

4

Case 7:11-cv-00505-JLK-RSB   Document 5   Filed 10/28/11   Page 4 of 4   Pageid#: 20